# EXHIBIT A TO SUPPORTING DECLARATION OF STEVEN KIM

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nitoj P. Singh (SBN: 265005)<br>DHILLON LAW GROUP INC.<br>177 Post Street - Suite 700<br>San Francisco, CA 94108<br>TELEPHONE NO.: 415.433.1700    FAX NO. *(Optional):* 415.520.6593<br>E-MAIL ADDRESS *(Optional):* nsingh@dhillonlaw.com<br>ATTORNEY FOR *(Name):* Second Measure, Inc. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
  STREET ADDRESS: 400 County Center
  MAILING ADDRESS:
  CITY AND ZIP CODE: Redwood City, CA 94063
  BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Second Measure, Inc.

DEFENDANT/RESPONDENT: Steven Kim

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV-534100 |
|---|---|

TO *(insert name of party being served):* STEVEN KIM, an individual

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: June 8, 2015

Nitoj P. Singh
_____
(TYPE OR PRINT NAME)                      ► _____
                                          (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. [✓]  A copy of the summons and of the complaint.
2. [✓]  Other *(specify):*
        Civil Case Cover Sheet, Notice of Case Management Conference, ADR Package

*(To be completed by recipient):*

Date this form is signed:

_____          ► _____
  (TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
   ON WHOSE BEHALF THIS FORM IS SIGNED)                         ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nitoj P. Singh (SBN: 265005)<br>DHILLON LAW GROUP INC.<br>177 Post Street - Suite 700<br>San Francisco, CA 94108<br>TELEPHONE NO.: 415.433.1700     FAX NO. *(Optional):* 415.520.6593<br>E-MAIL ADDRESS *(Optional):* nsingh@dhillonlaw.com<br>ATTORNEY FOR *(Name):* Second Measure, Inc. | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Second Measure, Inc.

DEFENDANT/RESPONDENT: Steven Kim

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>CIV-534100 |
|---|---|

TO *(insert name of party being served):* STEVEN KIM, an individual

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

---

Date of mailing: June 8, 2015

Nitoj P. Singh
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*
1. ☑  A copy of the summons and of the complaint.
2. ☑  Other *(specify):*

   Civil Case Cover Sheet, Notice of Case Management Conference, ADR Package

*(To be completed by recipient):*

Date this form is signed: _____

_____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

▶ _____
(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use
Judicial Council of California
POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Code of Civil Procedure,
§§ 415.30, 417.10
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STEVEN KIM, an individual

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SECOND MEASURE, INC., a Delaware corporation

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
SAN MATEO COUNTY

JUN - 4 2015

Clerk of the Superior Court
By MADELINE MASTERSON
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California | CASE NUMBER *(Número del Caso):* CIV 534100 |
|---|---|

County of San Mateo - Southern Branch
400 County Center, Redwood City, CA 94063

**BY FAX**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nitoj P. Singh, Dhillon Law Group, Inc., 177 Post St. - Suite 700, San Francisco, CA 94108, (415) 433-1700

| DATE: *(Fecha)* JUN - 4 2015 | Clerk, by *(Secretario)* MADELINE MASTERSON | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

SUMMONS

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

1  HARMEET K. DHILLON (SBN: 207873)
   harmeet@dhillonlaw.com
2  NITOJ P. SINGH (SBN: 265005)
   nsingh@dhillonlaw.com
3  DHILLON LAW GROUP INC.
   177 Post Street, Suite 700
4  San Francisco, California 94108
   Telephone: (415) 433-1700
5  Facsimile: (415) 520-6593

6

7  Attorneys for Second Measure, Inc.

8

**ENDORSED FILED**
SAN MATEO COUNTY

JUN - 4 2015

Clerk of the Superior Court
By  MADELINE MASTERSON
DEPUTY CLERK

9                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10              **COUNTY OF SAN MATEO - UNLIMITED JURISDICTION**

11

12  SECOND MEASURE, INC., a Delaware
    corporation,
13
                     Plaintiff,
14
              v.
15
16  STEVEN KIM, an individual,
17
                     Defendant,
18

Case Number:

**CIV 534100**

**COMPLAINT**

1.  **Declaratory Relief**
2.  **Breach of Consulting Agreement**

**BY FAX**

19

20

21

22

23

24

25

26

27

28

DIG
DHILLON LAW GROUP INC.

Complaint                                                  Case No. _____

1    Second Measure, Inc., ("Second Measure" or the "Company") by and through its attorneys,

2    the Dhillon Law Group Inc., files this Complaint against Steven Kim ("Mr. Kim" or "Defendant").

3    Upon information and belief, Second Measure alleges as follows:

**THE PARTIES**

4

5    1.    Plaintiff Second Measure is a Delaware corporation in good standing. Second Measure

6    maintains its principle place of business in San Mateo County, California. Second Measure was

7    founded by Michael Babineau ("Mr. Babineau") and Lillian Chou ("Ms. Chou").

8    2.    Defendant Mr. Kim is an individual who, upon information and belief, resides in

9    Dallas, Texas.

**JURISDICTION AND VENUE**

10

11    3.    This Court has personal jurisdiction over Defendant, and venue is proper in this Court

12    pursuant to Code of Civil Procedure § 395(a), because Defendant resides outside California.

**FACTUAL BACKGROUND**

13

14    4.    Second Measure is a young startup company incorporated in January 2015 by Mr.

15    Babineau and Ms. Chou to build tools and services designed to leverage consumer spending data for

16    the ultimate benefit of hedge funds and other large investors. Mr. Babineau and Ms. Chou are IT

17    engineering and data analytics experts that leverage their expertise to make Second Measure's

18    offerings possible.

19    5.    Defendant Mr. Kim seeks one-half of the equity of Second Measure. Mr. Kim

20    demands the sizeable stake in the Company even though he did not write any of the computer code

21    that makes Second Measure's products and services possible, did not provide any design or

22    engineering input on Second Measure's products and services, and has not shared any significant

23    technical or business contributions with Mr. Babineau and Ms. Chou in relation to any enterprise for

24    more than a year.

25    6.    Mr. Kim apparently believes he is entitled to half of the Company because he

26    allegedly brought an idea to Mr. Babineau nearly two years ago, and now believes that idea matured

27    into Second Measure. However, it is clear that Mr. Kim has not contributed even marginally towards

28    Second Measure, and was not responsible for the original idea that may have led to the formation of

Complaint                                                          Case No. _____

**DIG**
DHILLON LAW GROUP INC.

1    Second Measure.

2         7.     In or around July 2013, Mr. Kim introduced Mr. Babineau to Mr. Zafar Jafri. Mr. Jafri,

3    a financial research analyst, had access to large consumer spending datasets and sought the help of an

4    engineer to help analyze and obtain some actionable intelligence from the same. Mr. Jafri, then with

5    hedge fund Tiger Global Management, LLC, sought to trade directly based off trends and information

6    gleaned from the consumer spending datasets. Mr. Kim, having learned what Mr. Jafri was trying to

7    accomplish, suggested that Mr. Babineau help Mr. Jafri flesh out some of the technical issues and

8    possible solutions with Mr. Jafri's concept. Messrs. Jafri and Babineau did engage in such discussions

9    in July 2013.

10        8.     Mr. Kim apparently thought Mr. Jafri's idea was a good one, and in September 2013

11   discussed the possibility of forming a business based on the same with Mr. Babineau. Mr. Babineau

12   thought the concept warranted at least an examination, and began to evaluate the possibility of

13   forming a business on the concept when Messrs. Babineau and Kim gained access to a dataset in

14   September 2013 from Yodlee, a company that, *inter alia*, sells such datasets.[1] Given that it was Mr.

15   Jafri's unoriginal idea that Messrs. Kim and Babineau were evaluating, Mr. Kim did not ask Mr.

16   Babineau to sign a non-disclosure agreement, nor did they agree to form a company or assign any

17   intellectual property to the company.

18        9.     Further evidencing that Mr. Kim's purported "idea" was neither conceived by him, nor

19   unique, is that there are multiple companies currently offering services and products based on

20   consumer spending data besides Yodlee, including, 7Park Data, 1010data, MasterCard, and First

21   Data. The availability and use of consumer spending datasets is widely known and generally available

22   to finance and banking professionals.

23        10.     Mr. Babineau immediately realized that the evaluation would benefit from a data

24   engineer and recruited Ms. Chou to assist in October 2013, within days of their gaining access to a

25   consumer spending dataset. From then on, Messrs. Babineau and Kim, and Ms. Chou worked

26   together to evaluate the possibility of forming a business built on consumer spending dataset analytics

27   and services. At no point beginning in September 2013, or any time thereafter, did the Messrs.

28
_____
[1] In reality, only Mr. Babineau worked with the dataset. Mr. Kim did not have the technical skillset to work directly with the data.



Complaint                                        Case No. _____

Babineau and Kim, and Ms. Chou come to any agreement to form a definite business together, come to any agreement as to equity split in any business, or agree to assign any intellectual property they may have created to any business. In fact, none of Messrs. Babineau and Kim, or Ms. Chou left their then respective full-time jobs, and none of them then committed to working together and forming a definite business.

11.     Multiple communications between Messrs. Babineau and Kim, and Ms. Chou, including correspondence in June and September 2014, confirm that there was no agreement as to any equity split between the parties as to any company.

12.     In March 2014, Mr. Kim terminated his involvement with the business evaluation as a result of two events: 1) Messrs. Babineau and Kim, and Ms. Chou were unable to come to an agreement with Yodlee as to continued use of its datasets, and 2) Mr. Kim moved from California to Texas to accept a position with Surveyor Capital. In correspondence during that time, Mr. Kim conveyed that he would likely not be able to continue to work with Mr. Babineau and Ms. Chou in evaluating the business concept. Indeed, Mr. Kim may have recognized that working with Mr. Babineau and Ms. Chou on such an investment-related project might present a conflict of interest for Mr. Kim with his employment with Surveyor Capital.

13.     From March 2014 onwards, Mr. Kim showed no interest in continuing to evaluate the business concept, or to work with Mr. Babineau and Ms. Chou to form a definite business built on the concept they were evaluating. In August 2014, when Mr. Babineau and Ms. Chou actually agreed to form a definite business built upon consumer spending datasets, and analytics thereof, Mr. Kim made clear that he was unwilling to match Mr. Babineau and Ms. Chou's commitment to the contemplated enterprise. Instead, Mr. Kim elected to stay with Surveyor Capital, rather than join Mr. Babineau and Ms. Chou on a full-time basis.

14.     In late-September 2014, having agreed to form a new business together, and a business generally for the first time, Mr. Babineau and Ms. Chou decided to start anew with respect to all computer code and design. They discarded all code and design developed prior to September 2014, including any code that may have been developed in consultation with Mr. Kim, or on which Mr. Kim may have provided design and guidance feedback. Mr. Babineau and Ms. Chou were diligent in



Case No. _____

wiping any contribution Mr. Kim may have provided from their records before starting their new venture.

15.     It was Mr. Babineau and Ms. Chou's newly formed September 2014 business, wiped clean of any input from Mr. Kim, and wholly unrelated to Mr. Kim, that eventually evolved into Second Measure. Given the distinct genesis of Second Measure separate from any of Mr. Kim's purported contributions, Second Measure contends that Mr. Kim is not entitled to any portion of Second Measure. Mr. Kim is not a founder or shareholder of Second Measure.

16.     In or around January 2015, Second Measure invited Mr. Kim to join the company as a consultant. Ultimately, Mr. Babineau, on behalf of Second Measure, came to an oral consulting agreement (the "Consulting Agreement") with Mr. Kim that same month. The Consulting Agreement provided that Mr. Kim would advise the Company as to strategy, deals, customers, competitors, and data sources, stemming from his expertise in the financial space. Mr. Kim was also to provide Second Measure with introductions to potential customers, partners, investors, and other interested persons. In exchange for the services agreed upon, the Company agreed to provide Mr. Kim with a total of 8% of the then-authorized stock of Second Measure, with 2% fully vested, and the remaining 6% to vest over the next four years, with the understanding that the equity interest provided by the Consulting Agreement was the only source of Mr. Kim's equity interest in Second Measure.

17.     Despite the oral Consulting Agreement, Mr. Kim failed to provide the consulting services required of him. As such, Mr. Kim never earned the initial 2% interest in Second Measure, or the subsequent 6% that was to vest over the four years from the date of the Consulting Agreement.

18.     Mr. Kim now contends that he is entitled to an unspecified, but "substantial," equity interest in the Company. While Mr. Kim previously contended that he owned 50% of the Company, in a March 11, 2015 letter from counsel, he has apparently wavered from that position, and now only claims an unspecified, and unsubstantiated, interest in the Company. A true and correct copy of Mr. Kim's counsel's March 11, 2015 letter is attached hereto as Exhibit 1.

19.     Second Measure wholly rejects that Mr. Kim has any equity interest in Second Measure, or that the Company's directors and officers owe Mr. Kim any fiduciary duty.

///



Complaint                                                      Case No. _____

**FIRST CAUSE OF ACTION**

**Declaratory Relief**

20.　Second Measure incorporates every allegation contained in each and every one of the above paragraphs, as though set forth fully herein.

21.　An actual, present, and justifiable controversy has arisen between the parties to this Action regarding whether Mr. Kim is entitled to an equity interest in Second Measure.

22.　On the one hand, Second Measure contends that Mr. Kim does not have any equity interest in Second Measure, and that the Company's directors and officers do not owe Mr. Kim any fiduciary duty.

23.　On the other hand, Mr. Kim contends that he has a substantial equity interest in Second Measure, and that the Company's directors and officers owe him a fiduciary duty.

24.　This Court is vested with the power to declare and adjudicate the rights and legal relationships of the parties to this Action with reference to the issues raised by this Complaint.

25.　Second Measure desires a judicial determination of the rights and obligations of each of the parties to this Action with respect to the matters set forth in preceding paragraphs.

26.　A judicial declaration is necessary and appropriate at this time under the circumstances, so that Second Measure and Mr. Kim may ascertain their rights and duties as specified above.

**SECOND CAUSE OF ACTION**

**Breach of Consulting Agreement**

27.　Second Measure incorporates every allegation contained in each and every one of the above paragraphs, as though set forth fully herein.

28.　Second Measure entered into a valid oral Consulting Agreement, pursuant to which Mr. Kim was to provide consulting services to Second Measure in exchange for an equity interest in Second Measure.

29.　Mr. Kim breached the Consulting Agreement by failing to provide any of the consulting services he agreed to provide.

30.　Second Measure performed all obligations required of it under the Consulting



5

1    Agreement that were not excused or discharged by Mr. Kim's conduct.

2          31.      As a result of the breach, Second Measure has been damaged in amount to be proven

3    at trial.

4                       **PRAYER FOR RELIEF**

5        WHEREFORE, Second Measure prays for judgment against Mr. Kim as follows:

6          1.      For a judicial declaration stating:

7               a.      that Mr. Kim does not have any equity interest in Second Measure; and

8               b.      that the Company's directors and officers do not owe Mr. Kim any fiduciary

9    duty.

10          2.      For all damages legally and/or proximately caused to Second Measure by Mr. Kim in

11    an amount to be proven at trial;

12          3.      For costs of suit incurred herein; and

13          4.      For such other and further relief as the Court deems just and proper.

14    Date: June 4, 2015              DHILLON LAW GROUP INC.

15

16                       By: _____

17                       Nitoj P. Singh

18                       Attorneys for Second Measure Inc.

19

20

21

22

23

24

25

26

27

28



Complaint                            Case No. _____

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



# Exhibit 1

 Davis Wright
Tremaine LLP

Suite 800
505 Montgomery Street
San Francisco, CA 94111-6533

**Don Buder**
415.276.6593 tel
415.276.6599 fax
donbuder@dwt.com

March 11, 2015

***PERSONAL & CONFIDENTIAL***
***VIA EMAIL***

Michael Babineau
Second Measure, Inc.

Re:   <u>**Second Measure, Inc./Steven Kim**</u>

Dear Mr. Babineau:

This law firm has been retained by Steven Kim to represent him in connection with his equity interest in Second Measure, Inc. (the "Company").

Please be advised that Mr. Kim maintains that he has a substantial equity interest in the Company, despite the fact that the Company has not issued stock certificates to him evidencing that equity interest.

Please consult with Company counsel before making any representations or warranties regarding the outstanding capital stock of the Company, in light of Mr. Kim's equity interest claim.

This letter will also advise you that, in your capacity as an officer and director of the Company, you have a fiduciary duty to Mr. Kim in his capacity as a Company shareholder. Any additional capital stock must be issued for consideration equal to fair market value. Executive compensation should not exceed market rates for comparably situated companies. Corporate formalities and filing requirements should be complied with in every respect. Please advise Mr. Kim in writing in advance if and when the Company intends to issue additional securities.

Please let me know if you have any questions regarding this matter.

Sincerely,

DAVIS WRIGHT TREMAINE LLP

Don Buder

DB/hw
cc:   Steven Kim (by email)
      Sanjay Nangia, Esq. (by email)

DWT 26366024v1 0050033-002393

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Nitoj P. Singh (SBN: 265005)
Dhillon Law Group Inc.
177 Post Street - Suite 700
San Francisco, CA 94108
 TELEPHONE NO.: 415.433.1700    FAX NO.: 415.520.6593
ATTORNEY FOR *(Name)*: Second Measure, Inc.

**ENDORSED FILED**
SAN MATEO COUNTY

JUN - 4 2015

Clerk of the Superior Court
By  MADELINE MASTERSON
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Mateo
 STREET ADDRESS: 400 County Center
 MAILING ADDRESS:
 CITY AND ZIP CODE: Redwood City, CA 94063
 BRANCH NAME: Southern Branch

CASE NAME:
Second Measure, Inc. v. Steven Kim

CASE NUMBER: **CIV 534100**

| CIVIL CASE COVER SHEET | Complex Case Designation | |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties       d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve       e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence       f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive
4. Number of causes of action *(specify):* Two
5. This case [ ] is [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

**BY FAX**

Date: June 4, 2015
Nitoj P. Singh
 (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

## NOTICE OF CASE MANAGEMENT CONFERENCE

**ENDORSED FILED**

*Second Measure, Inc.* SAN MATEO COUNTY

JUN – 4 2015

Clerk of the Superior Court
By ___MADELINE MASTERSON___
DEPUTY CLERK

vs.

*Steven Kim,*

Case No: **CIV 534100**

Date: 10/16/15

Time 9:00 a.m.

Dept. _____ --on Tuesday & Thursday

Dept. _21_ –on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) **Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).**

   b) **Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.**

   c) **File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.**

   d) **Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.**

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10–days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at:  www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).*

# ALTERNATIVE DISPUTE RESOLUTION
# IN CIVIL CASES



# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

- **Faster** – Traditional litigation can take years to complete but ADR usually takes weeks or months.

- **Cheaper** – Parties can save on attorneys' fees and litigation costs.

- **More control & flexibility** – Parties choose the ADR process most appropriate for their case.

- **Cooperative & less stressful** – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

- **You may go to Court anyway** – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

- **Not free** – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

- **Mediation** - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

- **Judicial Arbitration** – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet.

- **Binding Arbitration** - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

- **Neutral Evaluation** - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

- **Settlement Conference** – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept, 2010, Revised Jan. 2013] www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

☞      The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

☞      All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

☞      If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office.  This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

☞      You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.
>      o      For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

☞      If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your **first** CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

☞      Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

☞      Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

☞      If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.


In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.


**For more information, visit the court website at www.sanmateocourt.org/adr
or contact the ADR Program: 400 County Center, Redwood City, CA 94063.
Phone: (650) 599-1070, (650) 599-1073 and fax: (650) 599-1754**

Page 2 of 3

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept, 2010, Revised Jan. 2013] www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

### What are the Advantages of Using Judicial Arbitration?

🖎 ***Free*** -Parties do not have to pay for the arbitrator's fee.

🖎 ***Fast*** -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

🖎 ***Informal*** -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

### What are the Disadvantages of Using Judicial Arbitration?

🖎 The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

### How Does Judicial Arbitration Work in San Mateo County?

🖎 During your first CMC hearing, the judge may decide to order you to judicial arbitration. You will then receive instructions and a proposed list of arbitrators in the mail.

🖎 Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC.  The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

🖎 Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

   o     For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

🖎 After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

🖎 If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

🖎 Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr
or contact  Judicial Arbitration: 400 County Center, Redwood City, CA 94063.
Phone: (650) 599-1070 or (650) 599-1073 and Fax: (650) 599-1754**

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept, 2010, Revised Jan. 2013] www.sanmateocourt.org

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number):<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | Court Use Only |
|---|---|
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*].  Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

☐ Voluntary Mediation              ☐ Binding Arbitration (private)
☐ Neutral Evaluation               ☐ Settlement Conference (private)
☐ **Non-Binding Judicial Arbitration CCP 1141.12**  ☐ Summary Jury Trial  ☐ Other: _____

Case Type: _____

Neutral's name and telephone number: _____Date of session: _____

(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

_____   Original Signatures

_____   _____
Type or print name of ■Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant                    Attorney or Party without attorney

_____   _____
Type or print name of ☐Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant                    Attorney or Party without attorney

_____   _____
Type or print name of ☐Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant                    Attorney or Party without attorney

_____   _____
Type or print name of ☐Party without attorney ☐Attorney for              (Signature)
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant                    Attorney or Party without attorney

## IT IS SO ORDERED:

Date: _____          _____
                                       Judge of the Superior Court of San Mateo County

Stipulation Form 2006, rev. 2012

# ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

> Clerk of the Superior Court, Civil Division
> Attention: Case Management Conference Clerk
> Superior Court of California, County of San Mateo
> 400 County Center
> Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

- ❑ Original signatures for all attorneys (and/or parties in pro per);
- ❑ The name of the neutral;
- ❑ Date of the ADR session; and
- ❑ Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

## If Filing the Stipulation Prior to an Initial Case Management Conference
To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

## If Filing Stipulation Following a Case Management Conference
When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

## Post-ADR Session Evaluations
*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

## Non-Binding Judicial Arbitration
Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070 or (650)599-1073.

Stipulation Form 2006, rev. 2012