THOMAS V. CHRISTOPHER (SBN#185928)
Thomas@ThomasChristopherLaw.com
THE LAW OFFICES OF THOMAS V. CHRISTOPHER
555 California Street, Suite 4925
San Francisco, California 94104
Telephone: (415) 659-1805
Facsimile: (415) 659-1950

Attorney for Plaintiff,
Counter-Claim Plaintiff,
And Counter-Claim Defendant,
STEVEN KIM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECOND MEASURE, INC., a Delaware corporation,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN KIM, an individual,<br><br>　　　　　　　　Defendant.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.: 3:15-cv-03395-JCS<br><br>**STEVEN KIM'S ANSWER TO COUNTERCLAIM**<br><br>Judge: Hon. Joseph C. Spero |

Steven Kim ("Kim") hereby answers the Counterclaim of Michael Babineau ("Babineau") and Lillian Chou ("Chou") as follows:

1. Kim admits the allegations of Paragraph 1.
2. Kim denies the allegations of Paragraph 2, except admits that Chou purports to reside in San Mateo, California.
3. Kim admits the allegations of Paragraph 3.
4. Kim denies the allegations of Paragraph 4.
5. Kim denies the allegations of Paragraph 5.
6. Kim denies the allegations of Paragraph 6.
7. Kim denies the allegations of Paragraph 7, except with respect to allegations regarding Mr. Jafri, for which Kim lacks sufficient information or belief and denies the allegations on that basis.
8. Kim denies the allegations of Paragraph 8, except admits that Kim and Babineau agreed to start a business together in about September 2013.
9. Kim lacks sufficient information or belief to respond to the allegations of Paragraph 9, and on that basis denies them.
10. Kim denies the allegations of Paragraph 10.
11. Kim denies the allegations of Paragraph 11.
12. Kim denies the allegations of Paragraph 12.
13. Kim denies the allegations of Paragraph 13.
14. Kim denies the allegations of Paragraph 14.
15. Kim denies the allegations of Paragraph 15.
16. Kim denies the allegations of Paragraph 16.

17. Kim denies the allegations of Paragraph 17.

18. Kim admits the allegations of Paragraph 18.

19. Kim incorporates his response to the incorporated paragraphs into his response to this paragraph.

20. Kim admits the allegations of Paragraph 20.

21. Kim admits that Paragraph 20 accurately states Babineau and Chou's contentions, but denies the truth of those contentions.

22. Kim admits the allegations of Paragraph 22.

23. Kim admits the allegations of Paragraph 23.

24. Kim admits the allegations of Paragraph 24.

25. Kim denies the allegations of Paragraph 25.

26. Kim incorporates his response to the incorporated paragraphs into his response to this paragraph.

27. Kim admits the allegations of Paragraph 27.

28. Kim admits the allegations of Paragraph 28.

29. Kim admits the allegations of Paragraph 29.

30. Kim denies the allegations of Paragraph 30.

31. Kim denies the allegations of Paragraph 31.

32. Kim denies the allegations of Paragraph 32.

33. Kim denies the allegations of Paragraph 33.

34. Kim denies the allegations of Paragraph 34.

35. Kim denies the allegations of Paragraph 35.

36. Kim denies the allegations of Paragraph 36.

37. Kim incorporates his response to the incorporated paragraphs into his response to this paragraph.

38. Kim admits the allegations of Paragraph 38.

39. Kim denies the allegations of Paragraph 39.

40. Kim denies the allegations of Paragraph 40.

41. Kim denies the allegations of Paragraph 41.

42. Kim denies the allegations of Paragraph 42.

43. Kim denies the allegations of Paragraph 43.

44. Kim denies the allegations of Paragraph 44.

45. Kim incorporates his response to the incorporated paragraphs into his response to this paragraph.

46. Kim admits the allegations of Paragraph 46.

47. Kim denies the allegations of Paragraph 47.

48. Kim denies the allegations of Paragraph 48.

49. Kim denies the allegations except admits that the Labor Code speaks for itself.

50. Kim denies the allegations of Paragraph 50.

51. Kim denies the allegations of Paragraph 51.

52. Kim denies the allegations of Paragraph 52.

53. Kim denies the allegations of Paragraph 53.

54. Kim incorporates his response to the incorporated paragraphs into his response to this paragraph.

55. Kim admits the allegations of Paragraph 55.

56. Kim denies the allegations of Paragraph 56.

57. Kim denies the allegations of Paragraph 57.

58. Kim denies the allegations of Paragraph 58.

59. Kim denies the allegations of Paragraph 59.

60. Kim incorporates his response to the incorporated paragraphs into his response to this paragraph.

61. Kim admits the allegations of Paragraph 61.

62. Kim denies the allegations of Paragraph 62.

63. Kim denies the allegations of Paragraph 63.

64. Kim denies that Babineau or Chou are entitled to any of the relief requested in the prayer for relief.

## AFFIRMATIVE DEFENSES

Defendant on the Counterclaims Steven Kim ("Defendant") hereby sets forth the following as affirmative defenses to the claims in the Counterclaims of Michael Babineau and Lillian Chou (collectively, "Plaintiffs"). In identifying each defense below, Defendant in no way concedes that it has the burden of proof with respect to any issue in this action even with respect to matters identified below as affirmative defenses.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CAUSE OF ACTION)

As a separate, distinct, and independent affirmative defense, Defendant states that the Counterclaim fails to state a cause of action against Defendant.

## SECOND AFFIRMATIVE DEFENSE
## (UNCLEAN HANDS)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery by virtue of unclean hands.

# THIRD AFFIRMATIVE DEFENSE
# (WAIVER)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery in this action under the doctrine of waiver.

# FOURTH AFFIRMATIVE DEFENSE
# (ESTOPPEL)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery in this action under the doctrine of estoppel.

# FIFTH AFFIRMATIVE DEFENSE
# (STATUTE OF LIMITATIONS)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiff is barred from recovery by the relevant statute of limitations, and specifically, without any limitation, sections 339, 339(1) and 340, 340(a) of the Code of Civil Procedure.

# SIXTH AFFIRMATIVE DEFENSE
# (FAILURE TO MITIGATE)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery, or any recovery must be reduced in this action, because Plaintiffs failed to mitigate their alleged damages.

# SEVENTH AFFIRMATIVE DEFENSE
# (NO DAMAGES)

As a separate, distinct and independent affirmative defense, Kim states that each and every cause of action in the counterclaim is barred because Plaintiffs suffered no damages.

## EIGHTH AFFIRMATIVE DEFENSE
## (PRIVILEGE)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery in this action because the alleged wrongful activities of Defendant were or are privileged.

## NINTH AFFIRMATIVE DEFENSE
## (JUSTIFICATION)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery in this action because the alleged activities of Defendant were and are justified.

## TENTH AFFIRMATIVE DEFENSE
## (INTENTIONAL OR WRONGFUL CONDUCT OF OTHERS)

As a separate, distinct, and independent affirmative defense, Defendant states that individuals and entities other than Defendant willfully, or by want of ordinary care, brought about the injuries complained of in the Complaint, if any. As such, the alleged damages claimed by Plaintiffs should be apportioned according to the amount of fault attributable to the conduct of such other individuals and entities.

## ELEVENTH AFFIRMATIVE DEFENSE
## (PLAINTIFFS' INTENTIONAL OR WRONGFUL CONDUCT)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs willfully, or by want of ordinary care, brought about the injuries complained of in the Complaint, if any. As such, the alleged damages claimed by Plaintiffs should be apportioned according to the amount of fault attributable to the conduct of Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE
## (CONSENT)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery against Defendants as Plaintiffs impliedly and or expressly consented to the conduct, acts, or omissions complained of in the Counterclaims.

## THIRTEENTH AFFIRMATIVE DEFENSE
## (RATIFICATION)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from any recovery against Defendant because Plaintiff impliedly and or expressly ratified the conduct, acts, or omissions complained of in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE
## (ADEQUATE LEGAL REMEDY)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are barred from asserting any claims for equitable relief because an adequate legal remedy exists respecting all of Plaintiffs' claims.

## FIFTEENTH AFFIRMATIVE DEFENSE
## (GOOD FAITH JUDGMENT)

As a separate, distinct, and independent affirmative defense, Defendant states that as to each claim alleged in the Counterclaim, Defendant acted at all times with good and proper judgment by interested persons through reasonable and proper means, and consequently, the alleged actions of Defendant are justified and privileged.  Defendant further states, without admitting that any violation took place, that any violation of Califoria Labor Law or of a Wage Order of the Industrial Welfare Commission was an act or omission in good faith, and that Defendant had reasonable grounds for believing he did not violatied the California Labor Code or any Wage Order of the Industrial Welfare Commission.

## SIXTEENTH AFFIRMATIVE DEFENSE
## (Set Off)

Should Plaintiffs recover from Kim, then Kim is entitled to a set off of any amounts owed against sums owed by Plaintiffs to Kim. As detailed in Kim's allegations in his counterclaim, Kim is owed a significant equity interest in Second Measure and/or damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE
## (FAIRNESS)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are not entitled to any recovery against Defendant because the alleged acts or transactions complained of were fair and just in every respect.

## EIGHTEENTH AFFIRMATIVE DEFENSE
## (ACTIONS WERE WITHIN RANGE OF REASONABLENESS)

As a separate, distinct, and independent affirmative defense, Defendant states that Plaintiffs are not entitled to any recovery against Defendant because the alleged acts complained of involved management decisions that were within the range of reasonableness and therefore not actionable.

## NINTEENTH AFFIRMATIVE DEFENSE
## (UNJUST ENRICHMENT)

As a separate, distinct, and independent affirmative defense, Defendant states that with respect to each claim alleged in the Counterclaim, the relief sought would inequitably result in unjust enrichment of the Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE
## (LACK OF WILLFULLNESS)

As a separate, distinct, and independent affirmative defense, Defendant states that with respect to each claim alleged in the Counterclaim, he has not willfully or intentionally failed to pay any wages due and owing to justify any penalties or fees.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES)

As a separate, distinct, and independent affirmative defense, Defendant states that with respect to each claim alleged in the Counterclaim, Plaintiffs failed to timely and completely exhaust any administrative remedies.

## TEWNTY-SECOND AFFIRMATIVE DEFENSE
## (RESERVATION OF DEFENSES)

As a separate, distinct, and independent affirmative defense, Defendant states that it expressly reserves the right to assert additional defenses at any time.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiff take nothing by way of its Counterclaim;
2. For costs of suit herein;
3. For such other relief as the Court may deem just and proper.

Dated: December 31, 2015.

THE LAW OFFICES OF THOMAS V. CHRISTOPHER

By: _____/s/_____

THOMAS CHRISTOPHER

Attorneys for Defendant,
Counter-claim Plaintiff, and
Counter-claim-Defendant Steven Kim