HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Second Measure, Inc., Michael Babineau,
and Lillian Chou

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| SECOND MEASURE, INC., a Delaware corporation,<br><br>        Plaintiff,<br><br>        v.<br><br>STEVEN KIM, an individual,<br><br>        Defendant,<br><br>AND RELATED COUNTERCLAIMS. | Case Number: 3:15-CV-03395-JCS<br><br>**PLAINTIFF SECOND MEASURE INC.'S MOTION _IN LIMINE_ NO. 2 TO EXCLUDE CERTAIN EVIDENCE FROM DEFENDANT STEVEN KIM**<br><br>Pretrial Conference:  May 19, 2017<br>Trial Date:          June 1, 2017<br><br>Judge:           Hon. Joseph C. Spero<br>Courtroom:     G, 15th Floor<br><br>[Filed Concurrently with Declaration of Nitoj P. Singh and [Proposed] Order] |



# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Plaintiff Second Measure Inc. ("Second Measure") hereby seeks an order precluding Defendant Steven Kim ("Mr. Kim") from referring at trial to, or in any way using, any evidence offering a valuation of any partnership (the "Alleged Partnership") formed between any of Mr. Kim, Counterclaim Defendant Michael Babineau ("Mr. Babineau"), and Counterclaim Defendant Lillian Chou ("Ms. Chou"); a valuation of Second Measure; or any methodologies that may be used to determine the value of the Alleged Partnership or Second Measure.

Second Measure sought such information from Mr. Kim by way of special interrogatories on May 6, 2016. Rather than providing a substantive response, Mr. Kim punted in his June 12, 2016 responses to the interrogatories, and argued that no valuation had been conducted, and that any valuation would be provided by an expert retained by Mr. Kim. The cutoff for non-expert discovery came the next day, on June 13, 2016, without Mr. Kim providing a valuation for the Alleged Partnership or Second Measure. Nor did Mr. Kim provide an expert valuation by the expert disclosure deadline of July 1, 2016.

Mr. Kim first provided a valuation for the Alleged Partnership and Second Measure in the July 28, 2016 Rebuttal Report from Mr. Kim's expert Mark Newton ("Mr. Newton"). Mr. Newton's Rebuttal Report provided that Mr. Kim stated that the Alleged Partnership or Second Measure were valued at $10,000,000.

Because Second Measure anticipates that Mr. Kim will try to use this information at trial to set a valuation for the Alleged Partnership or Second Measure, Second Measure now seeks order excluding such testimony as not properly disclosed by the discovery cutoff.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Pursuant to the Court's April 7, 2016 Order (Dkt. No. 42), the cut off for non-expert discovery was set for June 13, 2016. Mr. Kim served his responses to Second Measure's May 6, 2016 Interrogatories on June 12, 2016. (Declaration of Nitoj P. Singh in Support of Motion *in Limine* 2 ("Singh Decl."), ¶ 2, Ex. 1.) Mr. Kim did not provide any supplemental responses to the Special Interrogatories on or around June 13, 2016. (Singh Decl., ¶ 3.) Mr. Kim did provide amended

interrogatory responses on June 20, 2016, but those amendments did not alter the interrogatory responses at issue here. (Singh Decl., Ex. 2, pp. 6-7.) No further supplemental or amended discovery responses were received thereafter. (Singh Decl., ¶ 5.)

Second Measure's interrogatories required Mr. Kim to identify the value of any business he contended he formed with Mr. Babineau and/or Ms. Chou. (Singh Decl., Ex. 1, pp. 5 and 6; Ex. 2, pp. 6 and 7.) Instead of providing a valuation, Mr. Kim responded as follows:

> Defendant incorporates by reference the General Objections into its response to this interrogatory. Defendant objects to this interrogatory on the basis of the attorney-client privilege and work product doctrine. Defendant further notes that this interrogatory potentially requires an expert's valuation. No such valuation has occurred as of the date of these responses. To the extent a valuation is provided by an expert it will be disclosed pursuant to Rule 26 of the Federal Rules of Civil Procedure.

(*Id.*)

**Critically, Mr. Kim did not object or argue that he was unable to provide a valuation because Second Measure's financial documents then produced in the litigation were designated as highly confidential, attorneys' eyes only, under the Protective Order in this Action.** In fact, Mr. Kim had earlier agreed to accept the financial documents as highly confidential, attorneys' eyes only, under the Protective Order, in a March 14, 2016 Meet and Confer letter, so that his expert could provide a valuation:

> The [financial] information is also unquestionably relevant. My client contends that Mr. Babineau and he were in a business partnership, that your client improperly expropriated the entire business for himself and reincorporated it under his own name as Second Measure, Inc., and that my client was damaged as a result. The obvious measure of damages in such a case requires a valuation of Second Measure, because that is what we claim was taken from my client.
>
> We propose to resolve the matter as follows: you agree to provide to us in writing on or before April 1, 2016 the following information for Second Measure: total revenue for each quarter of 2015, total costs for each quarter of 2015 (including a list of the items that are included as costs), and total net profit for each quarter of 2015. We would also like a current balance sheet. **We will take the info as AEO. We need the info for our expert.**

(Singh Decl., Ex. 3, p. 2, emphasis added.)

However, later, in Mr. Newton's July 28, 2016 Rebuttal Report, Mr. Kim apparently had undertaken an valuation of the Alleged Partnership or Second Measure, which he had not previously



Second Measure's Motion *in Limine* 2                                     Case No.  3:15-CV-03395-JCS

disclosed to Second Measure.

> According to Mr. Kim, an investment of that size typically means a valuation of approximately $10,000,000.

(Singh Decl., Ex. 4, p.4.)

Much later, on September 24, 2016, after the close of discovery, and on the eve of the earlier trial date in this Action, Mr. Kim demanded that the financial information be re-designated as confidential only. (Singh Decl., Ex. 5.) On February 13, 2017, Second Measure agreed to redesignate the information as confidential only because it was now dated, to help facilitate a settlement of this Action, and to avoid motion practice. (Singh Decl., Ex. 6.) However, because discovery had since closed, Mr. Kim did not update his interrogatory responses, nor could Second Measure serve further discovery or depose Mr. Kim.

Mr. Kim now, after failing to do so in discovery, apparently wishes to use the financial information to offer a valuation of the Alleged Partnership or Second Measure at trial. If Mr. Kim wished to provide a valuation of the Alleged Partnership or Second Measure, it must have been provided by the discovery cut off, not through the back door of a statement made in Mr. Newton's Rebuttal Report, and not with the help of financial information Mr. Kim only requested after the close of discovery.

## III.    ARGUMENT

Rule 26(e)(1) of the Federal Rules of Civil Procedure requires all parties to supplement or correct, among other things, responses to discovery requests "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(1)(A). The parties are expected to supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel or an order from the Court. *See Oracle USA, Inc., et al. v. SAP AG, et al.*, 264 F.R.D. 541, 544 (N.D. Cal. 2009).

In addition, Rule 37 mandates that a party's failure to comply with the obligations under Rule 26(e)(1) results in that party being precluded from "use [of] that information ... to supply evidence on a motion, at a hearing or at trial, unless the failure was substantially justified or is harmless." Fed. R.

4



Civ. P. 37(c)(1). Rule 37(c)(1) is "self-executing" and "automatic." *Yeti by Molly Ltd v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Once non-compliance is shown, the burden is on the party who failed to comply to demonstrate that it meets one of the two exceptions to mandatory sanctions. *Apple, Inc. v. Samsung Electronics Co.*, No. 11–CV–01846–LHK, 2012 WL 3155574, at *4 (N.D. Cal. Aug. 2, 2012).

Mr. Kim will likely argue that he was incapable of proffering a valuation prior to the discovery cutoff, as a result of Second Measure's designation of certain documents as "Attorneys' Eyes Only." This is neither here, nor there. The Parties' stipulated protective order provides Mr. Kim with the ability to challenge confidentiality designations. Stipulated Protective Order [Dkt. 34] § 6, p. 7-8. Mr. Kim could have done so while discovery was still open, and provided a response to the interrogatory at question. Mr. Kim could have also objected to the interrogatory on the grounds that he did not have the information required, and met and conferred on the issue. Mr. Kim did not pursue either of these options. Instead, he requested and accepted the financial information at issues on an attorneys' eyes only basis, objected to the interrogatory on the grounds that his expert would provide a valuation, then, after discovery had closed, asked for the information to be redesignated as confidential so that he could analyze the same without having to provide his analysis in written discovery or at a deposition.

It is clear that despite being asked to provide a valuation for the Alleged Partnership or Second Measure in discovery, Mr. Kim failed to so provide a valuation. Mr. Kim further failed to provide a valuation by the non-expert discovery cut off. Accordingly, Mr. Kim should now be precluded from offering any evidence on the valuation of the Alleged Partnership or Second Measure at trial.

//
//
//



---

5

1    **IV.      CONCLUSION**

2            For the foregoing reasons, Second Measure respectfully requests that this Court issue an order

3    precluding Mr. Kim from referring to or introducing any evidence that purports to value the Alleged

4    Partnership or Second Measure.

5            Respectfully submitted,

6    Date: April 19, 2017                         DHILLON LAW GROUP INC.
                                                   By:    */s/ Nitoj P. Singh*
7                                                         Nitoj P. Singh
8                                                         Attorneys for Second Measure Inc., Michael Babineau,
                                                          and Lillian Chou
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



Second Measure's Motion *in Limine* 2                              Case No.  3:15-CV-03395-JCS