HARMEET K. DHILLON (SBN: 207873)
harmeet@dhillonlaw.com
NITOJ P. SINGH (SBN: 265005)
nsingh@dhillonlaw.com
DHILLON LAW GROUP INC.
177 Post Street, Suite 700
San Francisco, California 94108
Telephone: (415) 433-1700
Facsimile: (415) 520-6593

Attorneys for Second Measure, Inc., Michael Babineau,
and Lillian Chou

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECOND MEASURE, INC., a Delaware corporation,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN KIM, an individual,<br><br>  Defendant,<br><br>AND RELATED COUNTERCLAIMS. | Case Number: 3:15-CV-03395-JCS<br><br>**PLAINTIFF SECOND MEASURE INC.'S MOTION *IN LIMINE* NO. 3 TO EXCLUDE CERTAIN EVIDENCE FROM DEFENDANT STEVEN KIM**<br><br>Pretrial Conference: May 19, 2017<br>Trial Date: June 1, 2017<br><br>Judge: Hon. Joseph C. Spero<br>Courtroom: G, 15th Floor<br><br>[Filed Concurrently with Declaration of Nitoj P. Singh and [Proposed] Order] |



# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Second Measure Inc. ("Second Measure") hereby seeks an order precluding Defendant Steven Kim ("Mr. Kim") from seeking, whether by subpoena, testimony, or otherwise, or referring to Second Measure's current financial information or valuation at trial, or in any way using, any evidence pertaining to Second Measure's current financials to proffer a valuation of the alleged partnership (the "Alleged Partnership") formed between any of Mr. Kim, Counterclaim Defendant Michael Babineau ("Mr. Babineau"), and Counterclaim Defendant Lillian Chou ("Ms. Chou"), or Mr. Kim's purported damages.

Second Measure's current financial condition is irrelevant to any valuation of the Alleged Partnership or Mr. Kim's damages, if any. The Alleged Partnership allegedly terminated in September 2014, years prior Second Measure's current financial position. As Mr. Kim has not contributed to the company's current financial position, Second Measure's current financial condition has no bearing on any purported valuation of the Alleged Partnership, or Mr. Kim's purported damages, and therefore no tendency to make any fact of consequence more or less probable. As such, Mr. Kim should be precluded from seeking or proffering any evidence pertaining to Second Measure's current financial condition for the purposes of providing a valuation of the Alleged Partnership, or his damages.

Additionally, to the extent such evidence has any relevance, the probative value of the information is substantially outweighed by the danger of unfair prejudice to Second Measure, and the likelihood that it will confuse the issues and mislead the jury. The valuation of the Alleged Partnership is hotly contested, and involves rigorous analysis of all pertinent records, taking into account Mr. Kim's alleged contributions, or lack thereof. Indeed, both parties have retained experts regarding this issue for precisely this reason. A juror may not appreciate that a valuation based on Second Measure's current financial condition will be inflated as a result of work and dealings performed by current employees—not Mr. Kim. There is no direct connection between Mr. Kim's alleged contributions to the Alleged Partnership in years past, and Second Measure's current financial position. As a result of this confusion, evidence on Second Measure's current financial condition will

mislead the jury into placing an inappropriately high value on the Alleged Partnership, and Second Measure will be unfairly prejudiced at trial.

Because Second Measure anticipates that Mr. Kim will try to obtain, either by subpoena or through witness testimony, evidence pertaining to Second Measure's current financial condition, and use this information at trial to set a valuation for the Alleged Partnership, Second Measure, or his purported damages, Second Measure now seeks order excluding such evidence and testimony as irrelevant and unfairly prejudicial to Second Measure.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Mr. Kim alleges that "[o]n or around late September 2014, Mr. Babineau and Ms. Chou wrongfully and physically shut Mr. Kim out of the joint venture/partnership" by shutting down Mr. Kim's access to the computer servers and online chat and note applications belonging to the Alleged Partnership. Kim's Answer to Complaint and Counterclaims [Dkt. 7] ("Kim's Counterclaims") ¶23. Thereafter, according to Mr. Kim, Mr. Babineau and Ms. Chou incorporated Second Measure, and "since then, Second Measure has received seed investments from certain third parties in exchange for granting them equity shares in the business." (Kim's Counterclaims ¶24.) Mr. Kim does not allege that he has made any new contributions, financial or otherwise, to Second Measure since its formation, or after March 31, 2016.

On July 1, 2016, Second Measure served the expert report of Jim Timmins. (Declaration of Nitoj P. Singh in Support of Motion *in Limine* 3 ("Singh Decl."), ¶ 2, Ex. 1.) Mr. Timmin's Report concluded, *inter alia*, that the Alleged Partnership had no value as of September 2014, but that Second Measure had a value as of March 31, 2016. (Singh Decl., Ex. 1, ¶ 91.) Mr. Timmins, in coming to his conclusion about the September 2014 valuation, relied on, *inter alia*, the fact that Mr. Babineau and Ms. Chou refused to work with Mr. Kim at that time, and did not have a shared vision of what should be done next; that the Alleged Partnership did not have the right to use any consumer spending data for commercial purposes, and therefore had no source or potential source of revenue, sales, or customer relationships; that the Alleged Partnership had no working product, and did not have the funds to develop a working product; and that the Alleged Partnership could not sustain itself financially, or raise external funding. (Singh Decl., Ex. 1, ¶¶ 79-91.) The report did not consider or

1  evaluate Second Measure's current financial condition, after March 2016.

2  Mr. Kim later designated Mark Newton as a "rebuttal" expert, and served a report that, *inter
3  alia*, purported to set a valuation for the Alleged Partnership and Second Measure. (Singh Decl., ¶ 3,
4  Ex. 2.) The Rebuttal Report attempted to set a valuation for the Alleged Partnership as of September
5  2014, and Second Measure as of March 2015. (*Id.*)[1] The Rebuttal Report did not consider or evaluate
6  Second Measure's current financial condition, after March 2016.

7  On March 15, 2017, counsel for Mr. Kim expressed his intention of issuing subpoenas to
8  secure Second Measure's current financial information. (Singh Decl., ¶4.) Based upon this
9  representation, Second Measure's reasonably believes that Mr. Kim intends to use this information to
10 provide his own valuation of the Alleged Partnership, Second Measure, or his purported damages at
11 trial.

12 **III.   ARGUMENT**

13 Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Fed. R.
14 Evid. 402. Rule 401 states that evidence is relevant if: "(a) it has any tendency to make a fact more or
15 less probable than it would be without the evidence; and (b) the fact is of consequence in determining
16 the action." Fed. R. Evid. 401; *see also Ollier v. Sweetwater Union High School Dist.*, 768 F.3d 843,
17 861-64 (9th Cir. 2014) (holding that trial court had discretion to exclude evidence of the defendants'
18 current conduct as irrelevant to the issues); *Hiramanek v. Clark*, No. 5:13-CV-00228-RMW, 2016
19 WL 8729933, at *1 (N.D. Cal. July 8, 2016) (excluding evidence of current financial condition with
20 respect to all issues except punitive damages); *Parrish v. Dollar Gen. Corp.*, No. 3:14-CV-227-CHL,
21 2016 WL 742925, at *2 (W.D. Ky. Feb. 24, 2016) (holding party's financial condition to be irrelevant
22 under Rule 401).

23 In addition, Rule 403 provides that the Court "may exclude relevant evidence if its probative
24 value is substantially outweighed by a danger of one or more of the following: unfair prejudice,
25 confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting
26 cumulative evidence." Fed. R. Evid. 403; *see also Jinro Am. Inc. v. Secure Investments, Inc.*, 266
27 F.3d 993, 1001-1010 (9th Cir. 2001) (trial court abused its discretion by admitting improper expert

28
---
[1] Second Measure concurrently moves to exclude portions of the Rebuttal Report in a separately filed, Motion in Limine 2.



testimony, which was likely to inflame the jurors' biases); *Unicolors, Inc. v. Urban Outfitters, Inc.*, No. CV1401029SJOVBKX, 2015 WL 12758841, at *8 (C.D. Cal. Feb. 23, 2015) (granting the defendant's motion to exclude evidence as to financial condition at trial); *Timmons v. United Parcel Serv., Inc.*, No. 2:05-CV-02175, 2010 WL 2464869, at *5 (E.D. Cal. June 14, 2010) (excluding evidence as to UPS's financial condition except whereas relevant to punitive damages assessment).

Here, Second Measure's current finances have no bearing on any valuation of the Alleged Partnership, or Mr. Kim's damages, and are therefore irrelevant in that context. For Mr. Kim to now assert that, at trial, it is appropriate or necessary that he have access this information for that purpose has no basis in law or fact. As Second Measure's current financial condition has no tendency to make any fact of consequence more less probable, it is irrelevant under Rules 401 and 402, and should be excluded for that purpose.

Additionally, irrelevant evidence about Second Measure's current finances will serve only to confuse and mislead the jury, and unfairly prejudice Second Measure, and should be precluded under Rule 403. Specifically, such evidence will improperly and unfairly inflate the jury's expectation of the value of the Alleged Partnership, to the benefit of Mr. Kim. However, Mr. Kim has not contributed to any value of Second Measure at its inception, or Second Measure's value as of March 31, 2016, and certainly has not contributed to any gain in value since March 31, 2016 to present. Any present gain in value of Second Measure can solely be attributed to its current employees and business dealings—not Mr. Kim. As such, any relevance this information has—which Second Measure refutes—is substantially outweighed by the risk of unfair prejudice to Second Measure, and by the likelihood that it will confuse the issues and mislead the jury as to topics already established by admissible evidence and expert reports.

Accordingly, Mr. Kim should be precluded from seeking or offering any evidence pertaining to Second Measure's current financial condition for the purpose of providing a valuation of the Alleged Partnership, Second Measure, or his purported damages at trial.

## IV.   CONCLUSION

For the foregoing reasons, Second Measure respectfully requests that this Court issue an order precluding Mr. Kim from seeking, referring to, or introducing any evidence of Second Measure's

1 | current financial condition for the purpose of establishing the value of the Alleged Partnership, Second Measure, or his purported damages.

Respectfully submitted,

Date: April 19, 2017                    DHILLON LAW GROUP INC.
                                        By:  /s/ Nitoj P. Singh
                                             Nitoj P. Singh
                                             Attorneys for Second Measure Inc., Michael Babineau, and Lillian Chou

